**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

Melvin Peterson, DOC#354251, SID#2412309   *

    Petitioner,   *

v   *     Civil Case No.: GJH-16-1148

Kathleen Green, *et al.*   *

    Respondents.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

On April 7, 2016,[1] Petitioner Melvin Peterson filed this 28 U.S.C. § 2254 habeas corpus petition attacking his 2008 convictions for sexual abuse of a minor and second degree rape. ECF No. 1. On July 6, 2016, Respondents filed a limited answer arguing that the petition should be dismissed as untimely. ECF No. 3. Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), the Court afforded Peterson an opportunity to explain why his petition should not be dismissed as time-barred, ECF No. 4, and Peterson subsequently filed a Response, ECF No. 7.

This matter has been fully briefed. Upon review, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts;* Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to hearing under 28 U.S.C. § 2254(e)(2)).

---

[1] The Court received Peterson's Petition on April 18, 2016. ECF No. 1. However, Peterson claims that he deposited the Petition in the prison mailing system on April 7, 2016. ECF No. 1 at 19. Because Peterson is incarcerated, he is entitled to the benefit of the prison mailbox rule, which provides that a prisoner's filing of a court document is complete on the date he or she gives the document to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

1

## I. BACKGROUND

Peterson pleaded guilty in the Montgomery County Circuit Court to sexual abuse of a minor and second degree rape. ECF No. 1 at 1. On November 6, 2008, he was sentenced to 30 years' imprisonment. *Id.* Peterson did not file a direct appeal. *Id.* at 2.

On November 20, 2008, Peterson filed a Motion for Reconsideration or Modification of Sentence (hereinafter, "Sentencing Motion"), which the circuit court placed in abeyance. ECF No. 3-1 at 13–14. On September 18, 2012, Peterson moved for the circuit court to hold a hearing on his Sentencing Motion. *Id.* at 15. On October 26, 2012, the circuit court denied Peterson's Motion for a Hearing on the Motion for Modification of Sentence. *Id.* at 15. However, it is not clear if or when the circuit court ultimately ruled on the Sentencing Motion itself. In any event, the Sentencing Motion was rendered a nullity on November 6, 2013, five years after the date the sentence was imposed. *See* Md. Rule 4-345(e)(1) ("[T]he court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant[.]").

On November 7, 2012, Peterson filed a Motion for Post-Conviction Relief ("PCR Motion") in the Montgomery County Circuit Court. *Id.* Peterson reports that he raised the following grounds: "ineffective assistance of counsel; knowing and intelligent waiver; illegal sentence; judge's failure to 'determine and announce' on record according to Md. Rule 4-242(c)." *Id.* Peterson's PCR Motion was denied on February 12, 2014. *Id.* at 3. In June 2014, Petitioner successfully requested that the Montgomery County Circuit Court re-file the opinion denying relief in order to allow Petitioner to file a timely appeal. ECF No. 3-1 at 18. On June 27, 2014, Petitioner filed a Petition for Leave to Appeal with the Maryland Court of Special

Appeals, which denied his Petition on December 15, 2014. ECF No. 1 at 2–3. The court's mandate issued on January 14, 2015. ECF No. 3-1 at 26.

Peterson filed the instant Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2254 on April 7, 2016. ECF No. 1 at 19. Peterson raises seven grounds for habeas corpus relief, and reports that he presented all seven grounds in his PCR Motion. *Id.* at 4–17. In response to the § 2254 form's question about the timeliness of the petition, Peterson states:

> Due to the obstacles in obtaining the necessary documents and, especially, legal assistance necessary to file a § 2254 habeas corpus, the filing deadline has elapsed. It has been exceptionally difficult—especially and specifically because of being housed in this particular institution—to proceed with any pro se legal work, and more often then [sic] not litigants experience difficulty in filing time-sensitive motions.

*Id.* at 18 (emphasis omitted).

Respondents filed a limited answer asserting that Peterson's § 2254 Petition should be dismissed as untimely under § 2244(d). ECF No. 3 at 1–2, 4–5. Among other arguments, Respondents note that:

> Peterson's post conviction proceedings became final on January 14, 2015. Peterson did not file his underlying petition until April 7, 2016. *See* ECF No. 1. Between January 14, 2015, and April 7, 2016, a period of over 14 months expired where there were no proceedings pending in state court that would have tolled the Section 2244(d) limitations period.

*Id.* at 5. Additionally, Respondents assert that delays attributable to Peterson's lack of legal knowledge alone are not entitled to be equitably tolled. *Id.* at 5.

The Court afforded Peterson an opportunity to explain why his petition should not be dismissed as time-barred, ECF No. 4, and he responded, ECF No. 7, arguing that he "has been left, for all intents and purposes, to fend for himself at every state from trial up until the filing of a writ of habeas corpus, with minimal or no counsel whatsoever." ECF No. 7 at 2 (emphasis

3

omitted). Peterson also notes that he has faced "administrative hindrances" in filing post-conviction proceedings due to the restrictions attendant to prison life, such as limited library and computer access. *Id.* at 3–5.

## II. STANDARD OF REVIEW

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.§

4

2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

In order to be entitled to equitable tolling, a petitioner must establish that some wrongful conduct by respondents prevented him from timely filing his § 2254 petition or that circumstances outside his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The application of equitable tolling must be "guarded and infrequent," and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Unfamiliarity with the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

### III. DISCUSSION

The Court first examines whether Peterson filed his Petition within the one-year statute of limitations. Finding that he did not, the Court next considers whether his statute of limitations should be equitably tolled.

#### A. Timeliness of Peterson's § 2254 Petition

Peterson and Respondents agree that Peterson's § 2254 Petition is untimely. *See* ECF No. 1 at 18. Peterson's judgment of conviction became final on December 6, 2008, when Peterson's time to file an application for leave to appeal the November 6, 2008 judgment expired. *See* Md. Rule 8-204 (application for leave to appeal must be filed within 30 days of judgment); *see also* Md. Code Ann. Ct. & Jud. Procedures § 12-302(e). Assuming that Peterson's Sentencing

5

Motion, filed November 20, 2008, triggered § 2244(d)(2)'s tolling provision, the limitations period was tolled as of the date the judgment became final. Thereafter, on November 7, 2012, Peterson filed a PCR Motion which would secondarily trigger tolling under § 2244(d)(2), thus allowing tolling to continue even after the Sentencing Motion became a nullity on November 20, 2013. Tolling based on the PCR Motion would continue until March 14, 2014, when Peterson's time to file an application for leave to appeal the February 12, 2014 PCR denial expired. *See* Md. Code Ann. § 7-109(a). Even under this construction, Peterson would not be entitled to tolling between March 14, 2014 and June 27, 2014, the date he filed his subsequently-authorized application for leave to file a PCR appeal, because Peterson did not have a properly filed state post-conviction proceeding pending during that time (i.e., neither the pendency of the request to reopen the appeal period nor the three months preceding the filing of that request during which Peterson had no state actions pending satisfies the requirements of § 2244(d)(2)). However, for the sake of simplicity, the Court will assume that tolling based on the PCR Motion commenced November 7, 2012 and ended January 14, 2015, when the Court of Special Appeals entered its mandate denying Peterson's application for leave the PCR motion. ECF No. 3-1 at 26.

The above analysis presents an exceedingly generous construction of § 2244(d)(2), as it assumes that the Sentencing Motion tolls the accrual of the limitations period, which this Court has never held. *See Mitchell v. Green*, No. DKC-13-2063, 2017 WL 4536001 (D. Md. Oct. 11, 2017) (discussing case law regarding whether Sentencing Motion can toll limitations period before declining to toll in that case, but granting a Certificate of Appealability on the issue). If the Sentencing Motion is not treated as tolling the limitations period, then the limitations period expired on December 6, 2009. Under this approach, tolling during the PCR proceedings would

be irrelevant, as there would be no time remaining in the limitations period for § 2244(d)(2) to toll. Thus, the instant § 2254 Petition would be more than five years late. Nonetheless, in view of the potential debate over the tolling ability of a Sentencing Motion and the fact that the instant § 2254 Petition is untimely even giving Peterson all possible favorable interpretations from his procedural history, the Court will assume the one year filing period did not begin until January 14, 2015. Even making numerous assumptions in Peterson's favor, his one-year limitations period expired on January 14, 2016. Peterson did not file the instant Petition until April 7, 2016, or 85 days later, making the Petition untimely filed.

### B. Equitable Tolling

In order to overcome this untimely filing, Peterson must demonstrate that he is entitled to equitable tolling. Peterson presents several arguments for equitable tolling in his Response, ECF No. 7, but none is persuasive. For example, Peterson argues that his untimeliness stems from the fact that he "has been left, for all intents and purposes, to fend for himself at every stage, from trial up until the filing of a writ of habeas corpus, with minimal or no counsel whatsoever." ECF No. 7 at 2. However, as Respondents correctly note, this is really a claim that he should receive equitable tolling because he was unfamiliar with the law and had to research it himself. As noted, lack of familiarity with the law is not a basis for equitable tolling. *Sosa*, 364 F.3d at 512.

Likewise, Peterson also states that, after his state PCR proceedings concluded on December 15, 2014, he "then began preparation and research on how to file a writ of habeas corpus." ECF No. 7 at 2. This fails to state a claim for equitable tolling; under § 2244(d) and with the benefit of the Court's generous timeliness consideration, Petitioner had one year from the conclusion of the PCR proceedings to file his federal claim. He offers no reason why he

7

could not finish his "preparation and research" within the statutory one-year period that would justify equitable tolling. Likewise, as Peterson asserts that he raised every claim in his § 2254 Petition during his state PCR proceedings, *see* ECF No. 1 at 4–17, no additional preparation was needed upon the conclusion of the state PCR proceedings, as Peterson already had all the facts and arguments to support each claim.[2]

Finally, Peterson suggests that the limitations incident to prison life at Eastern Correctional Institution, such as limited library and computer access, warrant equitable tolling. ECF No. 7 at 3. However, Petitioner's own filings indicate why the limitations of prison life do not merit equitable tolling, when he states that "amongst the inmate population it is a commonly shared experience that major impediments exist in all post-conviction proceedings." *Id.* at 4. Since equitable tolling is only appropriate upon a showing of "extraordinary circumstances," *Rouse*, 339 F.3d 246, the "commonly shared" limitations of prison life experienced by prisoners at large cannot be a basis for equitable tolling. Indeed, other inmates housed at ECI during the same time period as Peterson have filed timely § 2254 Petitions *pro se*, demonstrating that the restrictions about which Peterson complains do not pose a bar to timely filing. *See, e.g.*, *Smith v. Wolfe*, CCB-16-2956, 2017 WL 281993 (D. Md. Jan. 23, 2017); *Witcher v. Warden*, WDQ-12-3085, 2014 WL 6471566 (D. Md. Nov. 17, 2014); *Sanders v. Green*, DKC-10-2079, 2013 WL 1619466 (D. Md. Apr. 12, 2013); *Blevins v. Corcoran*, RWT-11-2690, 2012 WL 3779170 (D. Md. Aug. 30, 2012). Accordingly, Peterson has not demonstrated that he is entitled to equitable tolling.

---

[2] To the extent that Peterson would argue that it took him more than a year to discover the existence of federal habeas corpus review, that is merely another iteration of an argument that Peterson was unfamiliar with the law, which does not warrant equitable tolling.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because Peterson fails to satisfy this standard, the Court declines to issue a Certificate of Appealability.[3]

## V. CONCLUSION

For the reasons set forth herein, the Court denies Peterson's Petition and dismisses this action with prejudice. The Court does not issue a Certificate of Appealability. A separate Order follows.

Date: July  6 , 2018

/s/
GEORGE J. HAZEL
United States District Judge

---

[3] Denial of a certificate of appealability in the district court does not preclude Peterson from requesting a Certificate of Appealability from the appellate court.